UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**UNITED STATES OF AMERICA,**

   **Plaintiff,**   :

 v.   Case No. 2:19-cr-107
    Judge Sarah D. Morrison

**CHRISTOPHER MICHAEL SAMMONS,**  :

   **Defendant.**

## OPINION AND ORDER

This matter is before the Court for consideration of the Government's Notice of Intent to Admit Evidence, filed September 18, 2020. (ECF No. 44.) Defendant Christopher Sammons has responded to the Government's Notice. (ECF No. 53.) The Court has read the briefs and finds additional argument unnecessary.

### I.

On April 5, 2019, the Government filed a criminal complaint charging Mr. Sammons with violations of federal law pertaining to child sexual exploitation and the production and distribution of child sexual abuse imagery (commonly referred to as "child pornography"). (ECF No. 1.) On April 23, 2019, a grand jury returned an indictment charging Mr. Sammons with one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); one count of making notice for child pornography, in violation of 18 U.S.C. § 2252(d)(1)(A); one count of making notice for child

1

pornography, in violation of 18 U.S.C. § 2252(d)(1)(B); and one count of distribution of child pornography, in violation of 18 U.S.C. § 2253(a)(1). (ECF No. 13.)

The factual background is set forth in detail in the Court's Opinion and Order dated October 15, 2020 (ECF No. 59) and will not be repeated here.

## II.

The Government asserts that Mr. Sammons's online and in-person communications with Task Force Officer Peachey—which include admissions of uncharged sexual assault on Jane Doe—are admissible as background evidence or, in the alternative, under Federal Rule of Evidence 404(b). Mr. Sammons argues that these communications do not constitute background evidence because "the statements are the evidence the Government relies on to establish the exploitation case against" him. (ECF No. 53, 4.) Mr. Sammons does not cite any legal authority to support his position; instead, he refers to the arguments made in his Motion to Dismiss Count One of the Indictment (*see* ECF No. 50). He makes a similar argument against admission under Rule 404(b). The Government's motion for a ruling is **GRANTED**.

Mr. Sammons's communications with TFO Peachey are properly admissible as background evidence. The Sixth Circuit has explained that "background or *res gestae* evidence consists of those other acts that are inextricably intertwined with the charged offense or those acts, the telling of which is necessary to complete the story of the charged offense." *U.S. v. Hardy*, 228 F.3d 745, 748 (6th Cir. 2000) (internal citations omitted). In other words, "[p]roper background evidence has a causal, temporal or spatial connection with the charged offense. Typically, such

evidence is a prelude to the charged offense, is directly probative of the charged offense, arises from the same events as the charged offense, forms an integral part of a witness's testimony, or completes the story of the charged offense." *Id.* (internal citations omitted).

Mr. Sammons's online and in-person communications with TFO Peachey are inextricably intertwined with the charged offenses. The communications took place in the course of the same law enforcement investigation into Mr. Sammons's expressed sexual interest in children. They were virtually simultaneous with, and bear strikingly similarity to, Mr. Sammons's communications with Agent Hurst, which form the basis of the charges. The content of the communications is also directly probative of the elements of the charged offenses (*i.e.*, Mr. Sammons's use of Jane Doe to engage in sexually explicit conduct for the purpose of producing a visual depiction of such conduct). Further, their occurrence and content will form an integral part of TFO Peachey's anticipated testimony.

Because the Court has concluded that testimony regarding the communications between Mr. Sammons and TFO Peachey is admissible as background evidence, it finds no reason to conduct an analysis under Rule 404(b).

Accordingly, the Government's Notice of Intent to Admit Evidence (ECF No. 44) is **GRANTED**.

    **IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**