UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

UNITED STATES OF AMERICA,

    Plaintiff,

v.

CHRISTOPHER MICHAEL SAMMONS,

    Defendant.

:
:
:

Case No. 2:19-cr-107
Judge Sarah D. Morrison

## OPINION AND ORDER

This matter is before the Court for consideration of the Government's Supplemental Notice of Intent to Admit Evidence. (ECF No. 56.) Mr. Sammons has responded. (ECF No. 57.) The Court heard oral argument on the Notice at a hearing on April 15, 2021.

### I.

On April 5, 2019, the Government filed a criminal complaint charging Mr. Sammons with violations of federal law pertaining to child sexual exploitation and the production and distribution of child sexual abuse imagery (commonly referred to as "child pornography"). (ECF No. 1.) On April 23, 2019, a grand jury returned an indictment charging Mr. Sammons with one count of sexual exploitation of a minor, in violation of 18 U.S.C. § 2251(a); one count of making notice for child pornography, in violation of 18 U.S.C. § 2252(d)(1)(A); one count of making notice for child

pornography, in violation of 18 U.S.C. § 2252(d)(1)(B); and one count of distribution of child pornography, in violation of 18 U.S.C. § 2253(a)(1). (ECF No. 13.)

The factual background is set forth in detail in the Court's Opinion and Order dated October 15, 2020 (ECF No. 59) and will not be repeated here.

## II.

The Government's Supplemental Notice of Intent to Admit Evidence seeks a ruling that a 30-day log of Mr. Sammons's Kik account is admissible either as background evidence, or under Federal Rules of Evidence 404(b) and 414. In support of its request, the Government asserts that it has obtained and intends to introduce as evidence records from Kik Interactive, Inc. containing all images sent to and from Mr. Sammons's Kik account (Cw3x) over a 30-day period. Several of the images portray "young females, including pre-pubescent females engaged in sex acts with adults or lasciviously displaying their genitalia, and prepubescent and pubescent girls scantily clad and/or posed in suggestive positions." (ECF No. 56, 2.) The Government proposes that these logs corroborate portions of Mr. Sammons's statements to law enforcement. Mr. Sammons argues, in response, that the historical logs are not inextricably intertwined with the charged conduct and are therefore inadmissible as background evidence. Mr. Sammons further argues that the Court should exercise its discretion under Federal Rules of Evidence 414 and 403 to exclude the historical logs as cumulative or unduly prejudicial. Finally, Mr. Sammons disputes the Government's assertion that the logs corroborate Mr. Sammons's statements to law enforcement. The Government's motion is **GRANTED IN PART**.

The Court first finds that the logs are not properly admissible as background evidence. Although the logs reflect conduct that is close in time to Mr. Sammons's communications with Agent Hurst, and over the same platform, the Court is not convinced that they are necessary to complete the Government's telling of the charged offenses. The logs document transfers of illicit material to and from individuals who are neither known, nor implicated in the charging documents. They cannot be fairly characterized as inextricably intertwined with the charged offenses—as demonstrated by the Government's thorough summary of the conduct underpinning the charges without reference to the logs.

Portions of the logs are admissible under Federal Rules of Evidence 404(b) and 414. Generally, Rule 404(b) prohibits "[e]vidence of a crime, wrong, or other act . . . to prove a person's character in order to show that on a particular occasion the person acted in accordance with the character." However, evidence of 'other acts' may be admissible to prove any number of other elements, such as identity, motive, intent, plan, preparation, knowledge, etc. The Sixth Circuit has established a three-step inquiry to determine the admissibility of other acts evidence under Rule 404(b):

> *First*, the district court must decide whether there is sufficient evidence that the other act in question actually occurred. *Second*, if so, the district court must decide whether the evidence of the other act is probative of a material issue other than character. *Third*, if the evidence is probative of a material issue other than character, the district court must decide whether the probative value of the evidence is substantially outweighed by its potential prejudicial effect.

*U.S. v. Jenkins*, 345 F.3d 928, 938 (6th Cir. 2003).

There are also exceptions to Rule 404(b)'s general prohibition on propensity evidence. Rule 414(a) establishes one such exception:

3

> In a criminal case in which a defendant is accused of child molestation, the court may admit evidence that the defendant committed any other child molestation. The evidence may be considered on any matter to which it is relevant.

In this context, "child" means "a person below the age of 14." Fed. R. Evid. 414(d)(1). Further, "child molestation" includes "a crime . . . involving any conduct prohibited by 18 U.S.C. chapter 110 [§§ 2251–2260a]." Fed. R. Evid. 414(d)(2)(B). The Sixth Circuit has acknowledged that "Rule 414 'create[d] an exception to the general ban on propensity evidence contained in Rule 404(b).'" *U.S. v. Libbey-Tipton*, 948 F.3d 694, 701 (6th Cir. 2020) (quoting *U.S. v. Underwood*, 859 F.3d 386, 393 (6th Cir. 2017)). However, Rule 414 evidence is also subject to the Rule 403 analysis. Therefore, "relevant evidence of a defendant's other crimes of child molestation is admissible unless its probative value is substantially outweighed by the danger of unfair prejudice." *Underwood*, 859 F.3d. at 393 (citing *U.S. v. Sanchez*, 440 F. App'x 436, 439–40 (6th Cir. 2011)). *See also* Fed. R. Evid. 403.

"In considering the probative value of evidence, courts may consider the closeness in time between the acts, the similarity between the act in question and the prior act, and the necessity of the evidence to the government's case, including whether there were less invasive means of obtaining the information." *Libbey-Tipton*, 948 F.3d at 701. In Rule 414 cases, the Rule itself represents a "strong legislative judgment that evidence of prior sexual offenses have probative value and should ordinarily be admissible." *U.S. v. Deuman*, 568 F. App'x 414, 420 (6th Cir. 2014) (quoting *U.S. v. Gabe*, 237 F.3d 954, 959 (8th Cir. 2001)) (internal quotation marks omitted). On the other hand, "unfair prejudice" means "the undue tendency

4

to suggest a decision based on improper consideration; it does not mean the damage to a defendant's case that results from legitimate probative force of the evidence." *U.S. v. Bilderbeck*, 163 F.3d 971, 978 (6th Cir. 1999) (citing *Sutkiewicz v. Monroe Cty. Sheriff*, 110 F.3d 352, 360 (6th Cir. 1997)). "[E]vidence that is prejudicial only in the sense that it paints the defendant in a bad light is not unfairly prejudicial . . . ." *Libbey-Tipton*, 948 F.3d at 704 (quoting U.S. v. Sanders, 95 F.3d 449, 453 (6th Cir. 1996). Ultimately, district courts have broad discretion in determining whether the probative value of any evidence is substantially outweighed by its potential for unfair prejudice. *Id*.

As described by the parties, the content of the historical Kik logs can be divided into three categories:

- Category 1: Images that were also shared with Agent Hurst and/or TFO Peachey.

- Category 2: Images of minors 14 years of age or older that were not shared with Agent Hurst and/or TFO Peachey.

- Category 3: Images of minors under 14 years of age that were not shared with Agent Hurst and/or TFO Peachey.

The images in Category 1 will be introduced in connection with testimony related to Mr. Sammons's communications with Agent Hurst and TFO Peachey. They are therefore needlessly cumulative, and inadmissible as introduced through the historical Kik logs. *See* Fed. R. Evid. 403.

The images in Category 2 are outside the limits of Rule 414, and inadmissible to demonstrate Mr. Sammons's propensity to commit the charged offenses. The Government conceded in argument that it would limit its proffer of evidence to

5

those images fall within the limits of Rule 414. In view of that representation, the Court declines to address Category 2 further.

The images in Category 3 are within the limits of Rule 414 and, therefore, can be introduced to show Mr. Sammons's propensity to commit the charged offenses. Both courts and the Congress have recognized that evidence of other "acts of sexual misconduct involving children . . . are probative to show an offender's propensity for committing a similar charged offense." *U.S. v. Trepanier*, 576 F. App'x 531, 534 (6th Cir. 2014). In this case, three of the four charges pertain to the possession and exchange of child pornography. *See* 18 U.S.C. §§ 2251(a), (d)(1)(A), (d)(1)(B). Mr. Sammons's contemporaneous trading in such material with other Kik users is permitted to show his propensity for committing the offenses charged. Finally, in view of the upsetting nature of the charges and other undisputedly admissible evidence in this case, the Category 3 images cannot be characterized as *unfairly* prejudicial.

## III.

For the reasons stated above, the images in Category 1 will be inadmissible, the images in Category 2 will not be offered, and the images in Category 3 will be admissible. The Government's Supplemental Notice of Intent to Admit Evidence (ECF No. 56) is accordingly **GRANTED IN PART**.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**UNITED STATES DISTRICT JUDGE**