# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# EASTERN DIVISION AT COLUMBUS

UNITED STATES OF AMERICA,

                Plaintiff,      :      Case No. 2:19-cr-107
                                                                    Civil Case No. 2:23-cv-02155

                                                                    District Judge Sarah D. Morrison
-   vs   -                                             Magistrate Judge Michael R. Merz

CHRISTOPHER MICHAEL SAMMONS,

                Defendant.      :

## REPORT AND RECOMMENDATIONS

This action on a Motion to Vacate under 28 U.S.C. § 2255 is before the Court for decision on the merits on Defendant's Amended Motion to Vacate (ECF No. ECF No. 182), the Response of the United States to the original Motion to Vacate (ECF No. 173), and Defendant's Reply (ECF No. 185).

Defendant pleads one ground for relief, to wit, that he received ineffective assistance of trial counsel when his attorneys advised him to proceed to trial and he thereby lost favorable plea opportunities (ECF No. 182, PageID 2371).

**Litigation History**

The grand jury for this District returned an Indictment charging Defendant with four child pornography related offenses (ECF No. 12). Magistrate Judge Deavers appointed counsel from

1

the Federal Defenders Office, Soumyajit Dutta, later joined by George Chaney, Jr., as counsel for Sammons. They served throughout the case and represented Defendant at trial. On the Government's Motion, the Court held a hearing pursuant to *Lafler v. Cooper*, 566 U.S. 156 (2012), to ensure that the Government's plea offer had been conveyed to Sammons and that he had rejected it (ECF No. 32).

Defendant's counsel notified the United States of their intention to present Dr. Scott Bresler, Clinical Director, Division of Forensic Psychiatry, University of Cincinnati, Department of Psychiatry and Behavioral Neuroscience as an expert on false confessions (ECF No. 71). A hearing on the admission of Dr. Bresler's testimony was held March 31, 2021 (Transcript, ECF No. 97). District Judge Morrison then wrote a careful opinion excluding Dr. Bresler's testimony under *Daubert v. Merrell Dow Pharmaceuticals, Inc.,* 509 U.S. 579 (1993)(ECF No. 101).

The case proceeded to trial and the jury found Sammons guilty on all four counts (Verdicts, ECF No. 121). He was then sentenced to 300 months imprisonment (ECF No. 147). Sammons appealed, but the Sixth Circuit affirmed his conviction in a published opinion, *United States v. Sammons*, 55 F.4th 1062 (6th Cir. Dec. 16, 2022)(copy at ECF No. 166). These § 2255 proceedings were timely commenced in July 2023. Judge Morrison ordered the United States to answer which it did on October 2, 2023 (ECF No. 173). The Motion to Vacate was referred to the undersigned under Amended General Order 22-05 on May 2, 2024 (ECF No. 176).

Upon referral the undersigned found Defendant's Motion to Vacate did not meet the pleading requirements of Rule 2 of the Rules Governing § 2255 proceedings and required that he file a conforming amended motion (ECF No. 177, PageID 2352). Finding that Sammons had waived attorney-client privilege as to any communications with his trial attorneys implicated in his claim of ineffective assistance of trial counsel, the undersigned ordered those attorneys to file

2

an affidavit of their relevant conversations. *Id.* With the filing of those documents, the Amended Motion to Vacate is now ripe for decision.

## Analysis

The governing standard for ineffective assistance of counsel is found in *Strickland v. Washington*, 466 U.S. 668 (1984):

> A convicted defendant's claim that counsel's assistance was so defective as to require reversal of a conviction or death sentence has two components. First, the defendant must show that counsel's performance was deficient. This requires showing that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Unless a defendant makes both showings, it cannot be said that the conviction or death sentence resulted from a breakdown in the adversary process that renders the result unreliable.

466 U.S. at 687. In other words, to establish ineffective assistance, a defendant must show both deficient performance and prejudice. *Berghuis v. Thompkins,* 560 U.S. 370, 389 (2010), *citing Knowles v. Mirzayance,* 556 U.S.111 (2009).

With respect to the first prong of the *Strickland* test, the Supreme Court has commanded:

> Judicial scrutiny of counsel's performance must be highly deferential. . . . A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time. Because of the difficulties inherent in making the evaluation, a court must indulge a strong presumption that counsel's conduct falls within a wide range of reasonable professional

> assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

466 U.S. at 689.

As to the second prong, the Supreme Court held:

> The defendant must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to overcome confidence in the outcome.

466 U.S. at 694. *See also Darden v. Wainwright*, 477 U.S. 168, 184 (1986), *citing Strickland, supra.*; *Wong v. Money,* 142 F.3d 313, 319 (6th Cir. 1998), *citing Strickland, supra*; *Blackburn v. Foltz*, 828 F.2d 1177, 1180 (6th Cir. 1987), *quoting Strickland,* 466 U.S. at 687. "The likelihood of a different result must be substantial, not just conceivable." *Storey v. Vasbinder*, 657 F.3d 372, 379 (6th Cir. 2011), *quoting Harrington v. Richter*, 562 U.S. 86, 111-12 (2011).

> In assessing prejudice under *Strickland*, the question is not whether a court can be certain counsel's performance had no effect on the outcome or whether it is possible a reasonable doubt might have been established if counsel acted differently. See *Wong v. Belmontes*, 558 U.S. 15, 27, 130 S. Ct. 383, 175 L. Ed. 2d 328 (2009) (per curiam); *Strickland*, 466 U.S., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674. Instead, *Strickland* asks whether it is "reasonably likely" the result would have been different. Id., at 696, 104 S. Ct. 2052, 80 L. Ed. 2d 674. This does not require a showing that counsel's actions "more likely than not altered the outcome," but the difference between *Strickland's* prejudice standard and a more-probable-than-not standard is slight and matters "only in the rarest case." *Id*., at 693, 697, 104 S. Ct. 2052, 80 L. Ed. 2d 674. The likelihood of a different result must be substantial, not just conceivable. *Id*., at 693, 104 S. Ct. 2052, 80 L. Ed. 2d 674.

*Harrington v. Richter*, 562 U.S. 86, 111-112 (2011).

4

The right to effective assistance of counsel includes the plea bargain process which includes the duty of an attorney to communicate an offered plea bargain. *Missouri v. Frye*, 566 U.S. 133 (2012); *Lafler v. Cooper*, 566 U.S. 156 (2012). The Court noted in *Frye* that it had held in *Montejo v. Louisiana*, 556 U.S. 778 (2009), that the right to effective assistance of counsel applies to all critical stages of criminal proceedings and in *Padilla v. Kentucky,* 559 U.S. 556 (2010), that negotiation of a plea bargain is a critical stage of the proceedings.

The Court held a hearing under *Lafler* to ensure defense counsel had conveyed all formal plea offers from the United States to Defendant and that he had rejected them (ECF No. 32). In their Affidavit, Attorneys Dutta and Chang report that Sammons adamantly denied engaging in sexual conduct with the victim and rejected every plea offer made through them by the United States. They conclude "At no time either before or after the exclusion Dr. Bresler's testimony did Mr. Sammons represent to counsel that he wanted to avoid trial and wanted to take the best available plea offer." (ECF No. 179, PageID 2360).

The Government's discussion of plea negotiations in its Response is completely consistent with the trial attorneys' affidavit, although made months earlier. It essentially recounts that Sammons was unwilling to accept any plea offer which would require him to make an "admission," but no guilty or no contest plea would have been feasible without Sammons' admission of the facts needed to find him guilty. The Government's Response also shows that the Government offered a plea to one count and an agreed sentencing range where the upper limit would have been less than the sentence actually imposed, but Sammons rejected that offer as well. The email correspondence between counsel attached to the Government's Response corroborates the Government's account of the course of the litigation.

5

Sammons relies on his Declaration of July 1, 2024 (ECF No. 182-1). He speaks of litigation possibilities that might have occurred such as an *Alford* or no contest plea, but does not suggest the Government ever offered such a plea agreement. He speaks of other cases which he says are similar to his where defendants received plea offers better than anything offered to him, but does not identify them for purposes of actual comparison. He claims his attorneys did not tell him Dr. Bresler had been a defendant in a lawsuit which accused him of unprofessional conduct, but Judge Morrison did not rely on any such allegations in the *Daubert* proceeding. He claims his attorneys kept telling him the Government had no evidence on the exploitation count because he had removed it from his phone, but that ultimately made no difference. Sammons does not claim and certainly has not shown that Attorneys Chaney and Dutta provided ineffective assistance in the manner they conducted the trial. As the Response of the United States and indeed the docket show, they vigorously litigated this case. The fact that the appeal produced a published opinion shows that there were serious issues to be litigated.

Once a grand jury has returned an indictment, the United States is free to proceed to trial on the charges made; it is under no obligation to engage in plea negotiations or to continue to do so after a defendant has rejected all offered agreements and has set a condition on any plea which is unacceptable to the United States. Indeed given the expense of gathering and presenting evidence, it is certainly acceptable for the United States to make final offers and to refuse to negotiate further after such offers are rejected.

There is no need for an evidentiary hearing in this matter. Sammons' Declaration does not contradict the Government's position or the Dutta-Chaney Attorney Affidavit on any essential point: Sammons rejected every plea offer the United States made and the United States Attorney was not obliged to offer again.

6

**Conclusion**

Based on the foregoing analysis, the Magistrate Judge respectfully recommends the Amended Motion to Vacate be denied with prejudice without an evidentiary hearing. Because reasonable jurists would not disagree with this conclusion, it is also recommended that Defendant be denied a certificate of appealability and that the Court certify to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

September 3, 2024.

s/ *Michael R. Merz*
United States Magistrate Judge

**NOTICE REGARDING OBJECTIONS**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to the proposed findings and recommendations within fourteen days after being served with this Report and Recommendations. Because this document is being served by mail, three days are added under Fed.R.Civ.P. 6, but service is complete when the document is mailed, not when it is received. Such objections shall specify the portions of the Report objected to and shall be accompanied by a memorandum of law in support of the objections. A party may respond to another party's objections within fourteen days after being served with a copy thereof. Failure to make objections in accordance with this procedure may forfeit rights on appeal. #