UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | : | |
| Plaintiff, | | Case No. 2:19-cr-107<br>Civil Case No. 2:23-cv-02155 |
| v. | | |
| **CHRISTOPHER SAMMONS** | : | **Chief Judge Sarah D. Morrison**<br>Magistrate Judge Michael R. Merz |
| Defendant. | : | |

**OPINION AND ORDER**

Christopher Sammons was sentenced to 300 months in prison after a jury found him guilty of four counts related to child sexual abuse imagery. (*See* ECF No. 147.) Mr. Sammons appealed his conviction, but was unsuccessful. (*See* ECF No. 167.) He then filed a Motion to Vacate under 28 U.S.C. § 2255. (*See* ECF No. 168.) In a September 3, 2024 Report and Recommendation, the Magistrate Judge recommends that Mr. Sammons's Amended Motion (ECF No. 182) be denied. (R&R, ECF No. 186.) Mr. Sammons timely filed objections to the R&R. (Obj., ECF No. 187.) For the reasons below, the Objections are **OVERRULED** and the Report and Recommendation is **ADOPTED** and **AFFIRMED**.

I.     **STANDARD OF REVIEW**

If a party objects within the allotted time to a report and recommendation, the Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1); *see also* Fed. R. Civ. P. 72(b). Upon review, the Court "may

accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1).

## II. ANALYSIS

### Objection I: The R&R Improperly Places a Burden on the Client to Overcome the Advice of Counsel.

Mr. Sammons first takes issue with the analysis of his ineffective assistance of counsel claim. In particular, he argues that the Magistrate Judge erred by failing to examine whether counsel's advice (that he proceed to trial) was reasonable. (Obj., PAGEID # 2408.) In his view, the R&R "turns Supreme Court precedent on its head" by requiring him "to overcome counsel's advice during the trial proceedings by insisting on pleading guilty contrary to counsel's advice to go to trial." (*Id.*, PAGEID # 2409.) It does no such thing. The R&R correctly explains that "to establish ineffective assistance, a defendant"—here, Mr. Sammons—"must show both deficient performance and prejudice." (R&R, PAGEID # 2403 (citing, *inter alia*, *Strickland v. Washington*, 466 U.S. 668 (1984)).) Mr. Sammons's only argument that his counsel's strategy was deficient seems to be that it did not result in an acquittal. But the Court cannot adopt that hindsight-tainted logic. Instead, the Court must "reconstruct the circumstances of counsel's challenged conduct, and [ ] evaluate the conduct from counsel's perspective at the time." *Strickland v. Washington*, 466 U.S. 668, 689 (1984). As explained in the R&R, Mr. Sammons fails to establish that, when viewed from their perspective at the time, his counsel's advice was unreasonable.

2

**Objection II: The R&R Improperly Denies Petitioner a Evidentiary Hearing.**

Mr. Sammons next objects to the Magistrate Judge's recommendation that the Motion be decided without an evidentiary hearing. (Obj., PAGEID # 2409.) The R&R says:

> There is no need for an evidentiary hearing in this matter. Sammons' Declaration does not contradict the Government's position or the Dutta-Chaney Attorney Affidavit on any essential point: Sammons rejected every plea offer the United States made and the United States Attorney was not obliged to offer again.

(R&R, PAGEID # 2406.) Though brief, the recommendation is consistent with precedent. "Where there is a factual dispute, [a] *habeas* court must hold an evidentiary hearing to determine the truth of the petitioner's claims." *Turner v. United States*, 183 F.3d 474, 477 (6th Cir. 1999). But where the record conclusively shows that the petitioner "is entitled to no relief," a hearing is not necessary. See 28 U.S.C. § 2255(b). Here, there is no factual dispute to resolve: Mr. Sammons now says that he was willing to plead guilty, but followed counsel's advice to proceed to trial. Critically, though, he does not dispute that he was unwilling to accept any of the plea bargains actually offered to him. There is thus no need for an evidentiary hearing.

**Objection III: Alternatively, the Court Should Issue a COA.**

In the alternative to holding an evidentiary hearing, Mr. Sammons argues that the Court should grant a certificate of appealability because reasonable jurists could disagree with any decision to deny his motion without such a hearing. (Obj., PAGEID # 2410.) Mr. Sammons cites three cases in which the Sixth Circuit found

3

that an evidentiary hearing was required. But in each of those three cases, there was a genuine dispute of fact for the court to resolve. *See Pola v. United States*, 778 F.3d 525, 534 (6th Cir. 2015) (concluding that the district court abused its discretion in refusing to hold an evidentiary hearing on habeas petition because petitioner had demonstrated a material factual dispute); *Smith v. United States,* 348 F.3d 545, 553–54 (6th Cir. 2003) (same); *MacLloyd v. United States*, 684 F. App'x 555, 559–60 (6th Cir. 2017) (same). As explained above, Mr. Sammons has not identified any dispute of fact requiring a hearing. Instead, the record conclusively shows that Mr. Sammons is entitled to no relief.

### III. CONCLUSION

Having considered the Magistrate Judge's Report and Recommendation *de novo* in light of Mr. Sammons's Objections, the Court **ADOPTS** the Report and Recommendation (ECF No. 186) and **OVERRULES** the Objections (ECF No. 187). The Motion to Vacate (ECF No. 182) is **DENIED**. Because reasonable jurists would not disagree with this conclusion, the Court **DENIES** Mr. Sammons a certificate of appealability and **CERTIFIES** to the Sixth Circuit that any appeal would be objectively frivolous and should not be permitted to proceed *in forma pauperis*.

**IT IS SO ORDERED.**

/s/ Sarah D. Morrison
**SARAH D. MORRISON**
**CHIEF UNITED STATES DISTRICT JUDGE**